IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

SEVEN OAKS LUMBER CO., LLC                                                                PLAINTIFF

V.                                            Civil No. 1:10-cv-01036

REGIONS BANK                                                                               DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before this Court is Defendant's Motion to Compel Arbitration.  ECF No. 5.  Plaintiff responded to this Motion on June 21, 2010 and requests that it be denied.  ECF No. 10.  This Court held a hearing on this Motion on September 29, 2010.  ECF No. 15.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Harry F. Barnes referred this Motion to this Court for the purpose of making a report and recommendation. ECF No. 12.  In accordance with that referral, this Court enters the following report and recommendation.

**1. Background**

On May 7, 2010, Plaintiff filed the present action against Defendant, Regions Bank.  ECF No. 1.  Plaintiff sued alleging Defendant converted its instruments.  *Id.*  Jurisdiction in this case is based upon diversity of citizenship.  *Id.*  On May 21, 2010, Defendant filed its answer.  ECF No. 4.  As one of its affirmative defenses in its answer, Defendant argued that this case be dismissed or, alternatively, stayed pending arbitration.  *Id.*  On the same date, Defendant also filed the current Motion to Compel Arbitration.  ECF No. 5.

With this Motion, Defendants seek to compel arbitration in this case.  ECF No. 5.  Defendant

argues that Plaintiff opened a bank account, signed a signature card, and agreed to the provisions of the Deposit Agreement which requires arbitration. *Id.* Thus, Defendant argues that arbitration should be compelled. *Id.* In response, Plaintiff argues that the signature card was signed by Sandra Clark, a secretary in Plaintiff's company who did not have the authority to open a bank account on behalf of Plaintiff or to agree to binding arbitration. ECF No. 11. Plaintiff argues that because there is a dispute as to Ms. Clark's authority, this case cannot be sent to arbitration. *Id.* Plaintiff relies upon *Sterne, Agee & Leach, Inc. v. Kenneth Way,* 101 Ark. App. 23, 270 S.W.3d 369 (2007) in support of its claim that this case cannot be submitted to arbitration. *Id.*

**2. Applicable Law**

The Federal Arbitration Act ("FAA") requires the enforcement of an arbitration agreement upon proof: (1) that a written agreement to arbitrate exists and (2) that the written agreement is contained within a contract evidencing a contract involving "commerce." *See* 9 U.S.C. § 2. Once a transaction in litigation is found to meet the FAA standards (*i.e.* "involve commerce"), courts must generally enforce the arbitration clauses. *See Doctor's Assocs., Inc. v. Casarotto,* 517 U.S. 681, 686-87 (1996).

In *Mastrobuono v. Shearson Lehman Hutton, Inc.,* 514 U.S. 52, 56 (1995), the Supreme Court explained:

> [T]he FAA not only 'declared a national policy favoring arbitration,' but actually 'withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration.'

"[T]he basic purpose of the Federal Arbitration Act is to overcome courts' refusal to enforce agreements to arbitrate." *Allied-Bruce Terminix Companies, Inc. v. Dobson,* 513 U.S. 265, 270 (1995). The United States Supreme Court has interpreted the FAA expansively, decreeing that it is to reach

all transactions or contracts that fall within the broad scope of Congressional powers relating to interstate commerce. *See id.* at 273. Furthermore, any doubt concerning the scope of the issues covered by the arbitration agreement should be resolved in favor of arbitration. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25 (1983).

### 3. Discussion

Defendant seeks to compel arbitration, claiming Plaintiff agreed to arbitration through its agent, Sandra Clark. ECF No. 5. Defendant claims Ms. Clark opened an account at Regions Bank, signed the signature card, and agreed to the Deposit Agreement which included an arbitration clause. *Id.* Based upon these facts, Defendant claims it is entitled to compel arbitration in this matter. *Id.*

Plaintiff has responded to Defendant's Motion and argues that arbitration should not be compelled. ECF No. 10. Plaintiff claims Ms. Clark signed the signature card without its authorization or approval. *Id.* Plaintiff claims that because she lacked authority, either express or apparent, she did not have the authority to bind Plaintiff. *Id.* Plaintiff also submitted a declaration from Mr. Slaughter, the sole member of Seven Oaks Lumber, LLC, claiming Ms. Clark never had the authority to open an account at Regions Bank or bind it to arbitration.

In support of its claim that arbitration should not be compelled in this case, Plaintiff cites *Sterne, Agee & Leach, Inc. v. Kenneth Way,* 101 Ark. App. 23, 270 S.W.3d 369 (2007). The *Way* case involved an attorney who purportedly acted as an agent for plaintiff. The issue in that case was whether the attorney had the authority to bind the plaintiff to an arbitration agreement. *See id.* The Arkansas Court of Appeals found there was a fact issue as to the agent's authority and, because of that fact issue, arbitration could not be compelled. *See id.* This Court held, "[t]hus, fact question regarding Moser's [the attorney's] agency remains to be tried before it can be determined whether the parties had

3

a contract." *Id.* at 31.  Further, the Arkansas Court of Appeals held that such a determination as to whether a person had authority or not was "for the jury to determine." *Id.* at 30.

In the same way, there is a fact dispute in this case as to whether Ms. Clark had the authority, either express or apparent, to open this account and bind Plaintiff to arbitration.  Further, since this is a diversity case, Arkansas law applies to this fact dispute.  Because of this fact dispute, and in accordance with the *Way* case, this Court should not compel arbitration at this time.  As stated in the *Way* case, the issue of authority is a "question of fact for the jury to determine." *Id.*  It appears the only time the jury would address this issue would be at the trial on the merits of the case.  However, as this case proceeds, if the fact issue of authority becomes an issue no longer in dispute, then Defendant should be permitted to re-urge this Motion at that time.

4. **Conclusion**

Based upon the foregoing, this Court recommends that Defendant's Motion to Compel Arbitration (ECF NO. 5)  be **DENIED** without prejudice.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED this 7th day of October, 2010.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

4